ALEXANDER McSORLEY, Respondent, v. JOHN G. PRAGUE, Appellant.

(Argued January 19, 1893; decided January 31, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 29, 1892, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The following is the opinion in full:

"The plaintiff sought to recover from the defendant a balance of six hundred dollars unpaid upon two contracts for plumbing work done and materials furnished in the equipment of various houses for the defendant in process of construction in Eighty-sixth and Eighty-seventh streets, New York city, during the years 1888 and 1889, and the amount of forty-nine bills for extra work done and materials furnished for the same and other buildings during the same

period, and aggregating over sixteen hundred dollars. The defendant, by a general denial, put in issue all the material allegations of the complaint. He also set up a counterclaim of $2,264, which he alleged was the amount of the over-payments made by him to the plaintiff upon three written contracts for the plumbing of certain houses in Eighty-fifth, Eighty-sixth and Eighty-seventh streets, and on Ninth and Tenth avenues in New York, and for other work and materials, all of which amounted to $66,903, but for which defendant had paid $69,167, which was in excess of what was due plaintiff to the amount above named.

"The plaintiff replied admitting the performance of the work under the contracts, but stating that there were four of such contracts, instead of three; and also admitting that he had received the sum of $69,167, but denying that the work done and materials furnished under the contracts, and the work additional or extra thereto were reasonably worth, and that the defendant agreed to pay therefor only the sum of $66,903.

"Upon the issues thus framed, a trial was had before a referee, who found upon competent proofs that the balance of $600 was due and unpaid upon the two contracts referred to, and that the plaintiff did the work and furnished the materials specified in the forty-nine bills annexed to plaintiff's complaint, and that they were of the value of $1,689. These findings disposed of the issues raised by the complaint and the defendant's general denial, and upon them plaintiff would have been entitled to judgment for $2,289 and interest. But the issues raised by the counterclaim and the reply still remained to be determined, and the referee took the evidence offered by the parties upon that branch of the case, which was quite voluminous, and passed upon the claims of the parties presented by it, and found that the defendant became indebted to the plaintiff for the work done under the various contracts, and for the extra work in the sum of $71,318, which included all the matters embraced in the plaintiff's complaint and his affirmative proofs. As the amount paid by defendant to plaintiff was conceded by both parties to be $69,167; this left a balance due plaintiff of $2,151, which, as it will be seen, was only $138 less than the amount found to be due plaintiff upon

the issues raised by the complaint and the general denial; and the referee directed judgment for this sum and interest. The correctness of the referee's finding upon the issues made by the counterclaim and reply, is challenged by the defendant only in one respect. It is insisted that the referee erred in making up the total of $71,318, due plaintiff, exclusive of payments, by including therein an item of $1,500 for double plumbing in five houses upon which work was done by plaintiff under a contract dated January 24, 1889. It is not denied that the double plumbing was done, but the claim is that it was included in the work provided for in that contract, and that payment therefor was necessarily embraced in the sum of $36,250, which was the gross sum to be paid for all the work done and materials furnished under that contract, and for which sum the referee gave credit to plaintiff in making up the total of defendant's indebtedness. It is thus sought to make it appear that the plaintiff has been twice paid or allowed for the same work. This view is not supported by the evidence in the record. The contract, we think, is clear and explicit and not open to construction in this respect. The original consideration was $32,250, and for this sum the plaintiff agreed to do the plumbing work of three flats and nineteen dwellings, agreeably to the drawings and specifications signed by the parties and thereto annexed.

" These specifications make no mention of double plumbing in any of the houses, and it could not, therefore, have been included in the consideration of the agreement. The contract further provides that the defendant may at any time during the progress of the work require any alteration, deviation, addition or omission from the contract to be made, and the amount of the same upon a fair and reasonable valuation, shall be added or deducted from the amount of the contract as the case may be. Provision was thereby made for compensation to the plaintiff for this double plumbing. At the conclusion of the contract there is a paragraph by which the plaintiff agreed for the additional sum of $4,000 to put in extra improved plumbing in five houses on Eighty-sixth street for, and as stated in a specification in detail attached to the contract. But there is no double plumbing in this specifica-

tion and consequently no basis for the claim that it was covered by the additional consideration to be paid therefor. This kind of work is first referred to in a contract dated June 25, 1888, in which plaintiff agreed to do the plumbing work in these three flats and nineteen houses for $32,550, and an extra charge of $300 for each and every house in which double plumbing should be ordered by the defendant. This contract was abandoned, and defendant received a cash credit of $3,500 for its abandonment, and the contract of January 24, 1889, was made, which as we have seen does not require the plaintiff in terms to put in this species of work, except as it may be ordered by defendant under the head of additional work, for which a fair and reasonable extra compensation is to be made, and which in the absence of other proof on the subject may properly be regarded as the amount which the parties themselves had fixed as its value in the agreement of June, 1888.

" The defendant submits an exception to a finding wherein it was found that on March 12, 1890, the plaintiff gave the defendant a receipt acknowledging the payment by the latter to him of the sum of $550 in full of the contract of January 24, 1889 ; and it is urged that this finding is entirely unsupported by any evidence ; that the printed record does not show that any such paper was proven or put in evidence upon the trial. It is true that no exhibit of that character can be found in the case before us, but it does not follow that the judgment must for that reason be reversed. It is wholly immaterial whether any such formal receipt was given. The material fact was the payment of the $550, and that it was paid and received at the time stated in full of this particular contract. That fact was not disputed. The plaintiff and the defendant both testify to it, and the quality of the evidence is not affected by the presence or absence of a formal written receipt of payment. The use which the referee makes of it, in his opinion is purely argumentative. The defendant it seems made claim for a credit of $665 for moneys paid to make good some defective work of the plaintiff's upon the houses embraced in this contract, and the most of which had been expended before the date of this receipt, and the learned referee comments upon the improbability of the good faith of this claim,

and in substance says that it is not likely that the defendant would have paid the plaintiff the sum specified in the receipt, if at the same time he believed that he had a just claim against the plaintiff for defective work, equalling or exceeding the amount of the balance due on the contract and then paid. The argument would have the same force if the receipt was not in the case. The fact of payment would still remain from which the same inference could have been drawn by the referee as from the written receipt. There is a strong probability that the receipt was actually introduced in evidence, and there is some ground for the claim, that the certificate to the case is not sufficient to show that it contains all the evidence, and we might, therefore, be at liberty to presume its admission in support of the finding, but we prefer to regard the variance between the finding and the proof as immaterial, and one which could not in any manner have prejudiced the defendant.

" The judgment should be affirmed, with costs."

*Charles W. Dayton* for appellant.

*L. E. Warren* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed. _____